9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon BURTON, Renata Bridges, Dallas Williams, Jovita
Williams, and Donna Adkins, Plaintiffs-Appellees,
v.
SOUTHGATE TOWN and Terrace Homes Incorporated., William
Strebel, William Resendez, Jo Bodda, Connie Wilson
C. Shance, Jake Salazar, Mrs. Jake
Salazar, and Bill Larry, Defendants,
and
The John Stewart Company, Steve McElroy and Roger Brenmark,
Defendants-Appellants.
 No. 92-16128.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1993.
Decided Oct. 25, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We review an award of Rule 11 sanction for abuse of discretion. A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).
 
 
 3
 A lawyer's signature on a pleading attests that the submitted document is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose...." Fed.R.Civ.P. 11. The district court found as a fact that arguments made by the company in its opposition to Burton's enforcement motion and in its counter-motion for rescheduling of trial were frivolous and advanced for an improper purpose.
 
 
 4
 We have carefully reviewed the record and fully considered argument of counsel. A reasonable attorney should have known that no admissible evidence of a breach by Burton was available. We cannot say, upon this record, that the district court erred in its conclusion that the opposition motion and counter motion were not filed to avoid a settlement agreement that the company no longer wished to honor.
 
 
 5
 We have considered the due process argument. We agree that the company was entitled to notice that sanctions were being considered and an opportunity to be heard in opposition. See Pan-Pacific and Low Ball Cable Television Co. v. Pacific Union Co., 987 F.2d 594, 597 (9th Cir.1993).
 
 
 6
 The record satisfies us that the court imposed sanctions on February 14, 1992, only after consideration of the company's written and oral argument in opposition to sanctions. Further, before entering its final order imposing sanctions on April 23, 1992, the court considered the company's brief of March 16, 1992 as though it were granting a motion for reconsideration of its February 14th order. The company's argument that it didn't know that Rule 11 was the basis for the sanctions is rejected. It opposed Rule 11 sanctions in its arguments. The court considered and rejected those arguments. No more is due. We find no due process violation.
 
 
 7
 We deny Burton's request for sanctions on appeal under Fed.R.App.P. 38.
 
 
 8
 Each side shall pay its own fees and costs on appeal.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3